[redacted]

[redacted]

**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Osvaldo CONTRERAS–CONTRERAS, Defendant—Appellant.**

**No. 03–10154.**
**D.C. No. CR–02–00148–HDM.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Dec. 16, 2003.

[redacted]

Ronald C. Rachow, USLV–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Scott W. Edwards, Reno, NV, for Defendant–Appellant.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Osvaldo Contreras–Contreras appeals his jury trial conviction for Unlawful Reentry of a Deported Alien in violation of 8

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1326(a) We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as necessary.

Contreras's argument that the district court erred in admitting the warrant of deportation under the public records exception to the hearsay rule is foreclosed by *United States v. Hernandez–Rojas,* 617 F.2d 533, 534–35 (9th Cir.1980) and *United States v. Contreras,* 63 F.3d 852, 857 (9th Cir.1995). Contreras contends that these cases were wrongly decided. However, only an en banc court of this circuit may overrule our precedent absent an intervening Supreme Court decision or act of Congress. *See Cerrato v. San Francisco Cmty. Coll. Dist.,* 26 F.3d 968, 972 n. 15 (9th Cir.1994).

Contreras also argues that the district court erred in allowing an INS agent, who was not authorized to certify the non-existence of official INS records under 8 C.F.R. § 103.7(d), to testify that he had reviewed the pertinent records including the defendant's file and had not found any evidence that the defendant had applied for or received permission to reenter the United States. We need not reach this issue, because the government tendered evidence that the defendant had admitted that he had entered the country surreptitiously. Thus, under the facts of this case, any error was harmless.

**AFFIRMED.**

TASHIMA, Circuit Judge, with whom Judge THOMAS joins, concurring.

I concur in the memorandum disposition. As we note in the disposition, Contreras also argues that the district court erred in allowing an INS agent, who was not authorized by agency regulations, 8 C.F.R. § 103.7(d), to certify to the non-existence of official INS records, to testify that, indeed, there was no official INS record that Contreras had received permission to renter the United States. We avoid this issue on harmless error grounds because Contreras admitted that he entered the country illegally and without permission. Nonetheless, the government's attempt to end run the procedures established by its own agency regulations is troubling.

In addition to testifying about the contents of Contreras' A file, the INS agent also testified on what an A file should contain and gave the opinion that Contreras' A file was "consistent with … what should be contained in the A-file." He also testified that the file was "kept in accordance with regulations." The sum of this testimony was that there was the absence of any INS record that Contreras has received permission to renter the United States. That is precisely the certification that certain designated personnel within the INS are authorized to make under the regulations. Under 8 C.F.R. § 103.7(d)(4), designated INS officials "have the authority to make certification … [of] the non-existence of an official Service records." *See United States v. Mateo–Mendez,* 215 F.3d 1039, 1043 (9th Cir.2000). The INS agent here concededly is not among those officials designated by the regulation. Further, he was not otherwise qualified to testify as to what documents an A file should contain or the regularity with which Contreras' A file was kept.

The government flirts with reversal when it attempts to short cut regularly-established procedures by relying on the testimony of unqualified witnesses whose testimony lacks the minimum necessary foundation. With this added observation, I concur in the majority's disposition.