**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Enedino BANUELOS, Jr., Defendant— Appellant.**

Nos. 03–50065, 03–50071.

D.C. No. CR–02–01541–JMF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 2004.

Decided Feb. 13, 2004.

Mark R. Rehe, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven L. Barth, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before TROTT, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM *

Enedino Banuelos, Jr. ("Banuelos") appeals his conviction for the illegal possession and importation of marijuana into the United States under 21 U.S.C. §§ 952 and 960, and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Banuelos argues that the district court's exclusion of evidence denied him the opportunity to develop his defense of third-party culpability. Because the evidence was hearsay, and because Banuelos was able appropriately to present his third-party culpability defense at trial, we hold that the district court's exclusion of such evidence was not an abuse of discretion. Moreover, each of Banuelos's constitutional arguments is without merit. Accordingly, we affirm Banuelos's conviction.

First, Banuelos contends that the district court abused its discretion in excluding evidence that may have provided proof of third-party culpability. We review the trial court's decision to exclude evidence purporting to show third-party culpability for abuse of discretion. *People of the Territory of Guam v. Ignacio,* 10 F.3d 608, 611 (9th Cir.1993). Specifically, Banuelos asserts that the district court's exclusion of a Complaint for Search warrant from Cook County, Illinois ("search warrant") precluded him from presenting evidence that the prior registered owner of his vehicle may have been responsible for the marijuana found in Banuelos's vehicle. The search warrant contained statements by a police officer detailing the information

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

he had received about a potential drug trafficker, including details about the suspected criminal activity relayed to him by other sources. The search warrant therefore constitutes hearsay, and its exclusion was not an abuse of discretion. *See United States v. Hernandez–Rojas*, 617 F.2d 533, 535 (9th Cir.1980) (explaining that law enforcement exception to Fed.R.Evid. 803(8)(B)'s hearsay exception applies to investigative reports, which "lack sufficient guarantees of trustworthiness"); *see also In re Citric Acid Litigation*, 191 F.3d 1090, 1098 n. 3 (9th Cir.1999) (upholding district court's exclusion of FBI search warrant affidavit on hearsay grounds). In addition to the search warrant being hearsay, defense counsel failed to provide any authentication for it, and the witness through whom counsel attempted to introduce the warrant had no personal knowledge of its making. *See* Fed.R.Evid. 602, 901.

Moreover, Banuelos was not precluded from developing his third-party culpability defense at trial, as he elicited testimony at trial showing that the previous owner of his vehicle was the subject of an interstate drug trafficking investigation. This case is, therefore, distinguishable from *United States v. Vallejo* 237 F.3d 1008 (9th Cir. 2001). In *Vallejo*, the court found that the district court erred in excluding evidence suggesting third-party culpability for the drugs found in defendant's vehicle. *Id.* at 1023–24. The court highlighted that excluding the evidence precluded the defendant from developing his defense. *Id.* at 1023. Banuelos was not so precluded. Moreover, the excluded evidence in *Vallejo* revealed that the previous owner of defendant's vehicle had been arrested about one month earlier for bringing into the country, at the same point of entry, nearly the same amount of drugs. *Id.* at 1023–24. Such similar circumstances did not exist in this case. Because Banuelos was able to

present his defense at trial, the exclusion of the Search warrant was not an abuse of discretion.

Second, Banuelos asserts that the exclusion of the Search warrant and the district court's limitations on the defense's cross-examination of government witnesses impeded his ability to impeach the government. Our review of the transcript reveals, however, that Banuelos was able to impeach the government's investigation, primarily through the defense's cross-examination of FBI Special Agent Hayes.

■  Third, Banuelos argues that his Fifth Amendment rights were violated because the district court misinstructed the grand jury by indicating that the grand jury's purpose was only to find probable cause. This issue, however, was squarely decided in *United States v. Marcucci*, 299 F.3d 1156, 1164 (9th Cir.2002). We have consistently upheld the instructions at issue in this case. *See, e.g., United States v. Adams*, 343 F.3d 1024, 1027 n. 1 (9th Cir.2003); *United States v. Cedano–Arellano*, 332 F.3d 568, 573 (9th Cir.2003). We refuse to revisit that question now. *See Santamaria v. Horsley*, 110 F.3d 1352, 1355 (9th Cir.1997) ("It is settled law that one three-judge panel ... cannot ordinarily reconsider or overrule the decision of a prior panel.") (citation omitted).

Finally, Banuelos argues that 21 U.S.C. §§ 841 and 960 violate the Fifth and Sixth Amendments by allowing the judge, rather than the jury, to make factual determinations regarding the type and quantity of drugs involved. This Circuit has squarely rejected this argument in *United States v. Hernandez*, 322 F.3d 592, 600 (9th Cir. 2003) (confirming the constitutionality of 21 U.S.C. § 960); *see also, e.g., Cedano–Arellano*, 332 F.3d at 573; *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir. 2002) (en banc); *United States v. Mendo-*

*za–Paz,* 286 F.3d 1104, 1109–10 (9th Cir. 2002).

Accordingly, Banuelos's conviction is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.