**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ELOY BALLESTEROS-SELINGER,
        *Defendant-Appellant.*

No. 05-50287

D.C. No.
CR-04-01071-TJW

OPINION

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted
June 6, 2006—Pasadena, California

Filed July 19, 2006

Before: Sidney R. Thomas and Ronald M. Gould,
Circuit Judges, and William W Schwarzer,*
Senior District Judge.

Opinion by Judge Gould

---

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

**COUNSEL**

Jodi D. Thorp and Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Valerie H. Chu, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

**OPINION**

GOULD, Circuit Judge:

Upon a trial by jury, Eloy Ballesteros-Selinger ("Ballesteros") was convicted of illegal re-entry following deportation in violation of 8 U.S.C. § 1326. Ballesteros contends that the district court erred in admitting a memorandum of oral decision into evidence urging the theory that its admission violated the Confrontation Clause.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

---

[1]We address the other issues Ballesteros raised on appeal in a separately-filed memorandum disposition and address in this published opinion only the issue of whether admission of the memorandum of oral decision violated Ballesteros's Confrontation Clause rights.

[2]We review de novo alleged violations of the Confrontation Clause. *See United States v. Nielsen*, 371 F.3d 574, 581 (9th Cir. 2004).

## I

Ballesteros was born in, and is a citizen of, Nicaragua. On September 30, 2003, federal immigration agents arrested Ballesteros for being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

During the jury trial that followed, the district court overruled Ballesteros's objection to the admission into evidence of the memorandum of oral decision from his August 18, 1986, deportation hearing. The memorandum, on letterhead of and signed by an Immigration Judge ("IJ"), states: "This is a summary of the oral decision entered on August 18, 1986. This memorandum is solely for the convenience of the parties. If the proceedings should be reopened, the oral decision will be transcribed and will become the official decision in these proceedings." The memorandum then specifies that Ballesteros was ordered deported to Mexico or alternatively to Nicaragua, that he was denied asylum and withholding of removal, and that Ballesteros and the Immigration and Naturalization Service waived any appeal.

Ballesteros was convicted and received a 57-month term of imprisonment. This appeal followed.

## II

**[1]** In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that testimonial, out-of-court statements by witnesses are barred under the Confrontation Clause unless the witnesses are unavailable and the defendant had a prior opportunity to cross-examine them.[3] *Id.* at 53-54; *see also*

---

[3]Although the Court in *Crawford* did not completely define what constitutes "testimonial evidence," the Court stated: "Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed." *Crawford*, 541 U.S. at 68.

*Davis v. Washington*, 126 S. Ct. 2266, 2273, ___ U.S. ___ (2006). We have held that a document that "was not made in anticipation of litigation and . . . is simply a routine, objective, cataloging of an unambiguous factual matter" is nontestimonial. *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005) (holding that a warrant of deportation is nontestimonial). The memorandum of oral decision was not made in anticipation of future litigation; rather, it was made to record the IJ's decision regarding Ballesteros's deportation. The memorandum is a standardized form that gives a record of the parties and decision at the deportation hearing. More-over, the memorandum of oral decision is part of Ballesteros's alien file ("A-file") and, as such, it is a public record. *See United States v. Hernandez-Herrera*, 273 F.3d 1213, 1218-19 (9th Cir. 2001). Under our precedent, "public records . . . are not themselves testimonial in nature and . . . these records do not fall within the prohibition established by the Supreme Court in *Crawford*." *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005).

**[2]** We hold that the memorandum of oral decision issued by the IJ is nontestimonial, and therefore its admission into evidence did not violate the Confrontation Clause.

**AFFIRMED.**