**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Salvador MURRIETA–MARTINEZ, a.k.a. Slvador Murrieta–Martinez; a.k.a. Salvador Martinez, Defendant–Appellant.**

**No. 06–10006.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2006.*

Filed Dec. 7, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

592

George Ferko, Esq., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Stephen Jonathan Young, Law Offices of Williamson & Young, Tucson, AZ, for Defendant–Appellant.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Salvador Murrieta–Martinez appeals the district court's denial of his motion in limine to exclude certain documents from

** This disposition is not appropriate for publi-       cation and may not be cited to or by the

his Alien File ("A-file"), and a 1998 letter to the Executive Office of Immigration Review requesting deportation, both of which the Government sought to introduce to satisfy the elements of 8 U.S.C. § 1326. Murrieta–Martinez also appeals the district court's ruling that the administrative removal procedure did not violate his due process rights.[1]

## A. The District Court's Evidentiary Rulings

We review evidentiary decisions for an abuse of discretion. *See United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir. 2004). *See also United States v. Pang,* 362 F.3d 1187, 1192 (9th Cir.2004).

Records, reports, statements, or data compilations of public offices or agencies are admissible if they set forth "the activities of the office or agency, or matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel." Fed.R.Evid. 803(8). We have recognized that the law enforcement exception will not apply to ministerial matters, such as warrants of deportation. *See United States v. Hernandez–Rojas,* 617 F.2d 533, 535 (9th Cir.1980) (holding exception inapplicable to warrant of deportation where notation that alien was deported was "ministerial, objective observation [with] inherent reliability because of the Government's need to keep accurate records of the movement of aliens").

■ The district court did not abuse its discretion in admitting the A-file documents in question.[2] The warrant of removal was admissible under *Hernandez–Rojas.* In regard to the Notice of Intent to Issue a Final Administrative Removal Order, the issuing officer noted on the document that he served Murrieta–Martinez on December 17, 1998, and that he witnessed Murrieta–Martinez sign the document in which he admitted that he was deportable and waived any contest to deportability. These acts were ministerial without any of "the features of the subjective report made by a law enforcement official in an on-the-scene investigation." *Hernandez–Rojas,* 617 F.2d at 535.

■ Even if the district court's admission of the removal order was an abuse of discretion under Federal Rule of Evidence 803(8), any error was harmless because the district court admitted the removal order together with the notice of intent and the warrant of removal, which demonstrated that a prior order of removal had issued and that Murrieta–Martinez had been removed from the United States, meeting the Government's burden of proof under 8 U.S.C. § 1326(a)(1).

■ The district court also did not abuse its discretion in admitting Murrieta–Martinez's 1998 letter requesting that he be deported. The letter was relevant to alienage because it tended to show that Murrieta–Martinez was not a citizen of the United States.[3] *See* Fed.R.Evid. 401. Ap-

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the facts are familiar to the parties, we do not recite them here except as necessary to clarify our decision.

2. Agent Rivera testified that he had been a Border Patrol agent for 11 years, and was assigned to the Prosecutions Unit. He described the nature and function of an A-file,

that access to the A-file was restricted, and that he was the designated custodian of the record. The district court did not abuse its discretion in concluding that Rivera was qualified to testify as a custodian of the records.

3. The district court also did not abuse its discretion in regard to any prejudicial effect because the letter was written while Appellant was incarcerated. Any prejudice due to the

pellant's claim that statements in the letter required corroboration is incorrect. *See Warszower v. United States,* 312 U.S. 342, 347, 61 S.Ct. 603, 85 L.Ed. 876 (1941) (holding that the rule that an accused cannot be convicted on his uncorroborated confession has to do with confessions or admissions after the event, and not the uncorroborated declarations of the accused made before the event). Here, the 1998 letter requesting deportation was sent well before the February 2005 offense.

## B. Due Process Claims

A collateral challenge to the underlying deportation proceeding is reviewed de novo. *United States v. Ahumada–Aguilar,* 295 F.3d 943, 947 (9th Cir.2002).

 Appellant's collateral attack on his removal on statutory and constitutional due process grounds is meritless. On statutory grounds, Appellant asserts that he is not deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) and subject to administrative removal because he was not "admitted" to the United States and could have been eligible for voluntary departure and waiver of inadmissibility. This argument is foreclosed by *United States v. Hernandez–Vermudez,* 356 F.3d 1011 (9th Cir.2004) (holding that for purposes of an aggravated felon's administrative removal pursuant to 8 U.S.C. § 1228(b) Congress intended that an alien who enters this country without inspection and an alien "admitted" to the United States are to be treated alike). Absent a distinction between admitted and undocumented aliens, it is clear that Murrieta–Martinez, as an alien convicted of an aggravated felony, was deportable under § 1227(a)(2)(A)(iii),

could be removed under § 1228(b), and was not entitled to other relief.[4]

Murrieta–Martinez also claims that the removal procedure was fundamentally unfair because he was not provided an opportunity to present his claims to a "neutral" immigration judge. A defendant can prevail on a claim of fundamental unfairness "only if he is able to demonstrate that: (1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Zarate–Martinez,* 133 F.3d 1194, 1197 (9th Cir.1998); 8 U.S.C. § 1326(d). Due process claims based on bald assertions that immigration officials cannot perform their adjudicative functions neutrally are insufficient. *See United States v. Garcia–Martinez,* 228 F.3d 956, 961–962 (9th Cir.2000) (rejecting arguments that "presume bias from the mere institutional structure of the INS" or that claim "agency members who participate in an investigation are disqualified from adjudicating"). Here, Appellant advances no valid allegations that the removal procedure was defective. Appellant also has not demonstrated actual prejudice, which requires a showing of "plausible grounds for relief from deportation." *Garcia–Martinez,* 228 F.3d at 963.

**AFFIRMED.**

◼

circumstances of the letter is too slight to have barred admission under Federal Rule Evidence 403.

**4.** *See* 8 U.S.C. § 1182(h) (barring eligibility for waiver of inadmissibility to an alien who

"has been convicted of an aggravated felony"); 8 U.S.C. § 1229 (eligibility for voluntary departure applies only to aliens who are "not deportable under section 1227(a)(2)(A)(iii)").