UNITED STATES of America,
Plaintiff–Appellee,

v.

Andrew Richard MOORE, aka Mark Dixon, Defendant–Appellant.

No. 08–10112.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2009.*

Filed Feb. 12, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruce M. Ferg, Assistant U.S., Joelyn Dorothea Marlowe, Esquire, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Jeffrey Glenn Buchella, Esquire, Tucson, AZ, for Defendant–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM **

Andrew Moore appeals the district court's determination that evidence contained within his Alien File ("A–File") was admissible in proceedings against him. He additionally challenges the court's finding that the evidence was sufficient to establish alienage. Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

### I. Admissibility of the Evidence

If a ruling on a motion in limine is not "explicit and definitive ... that the evidence is admissible, a party does not preserve the issue of admissibility for appeal absent a contemporaneous objection." *United States v. Archdale,* 229 F.3d 861, 864–65 (9th Cir.2000). The district court judge's ruling on Moore's motion in limine was not "explicit and definitive" because the judge informed the parties he would determine the admissibility of each document within the A-file upon its introduction into evidence. Moore's attorney was thereby on notice that he should object to any document he believed was inadmissible under the Federal Rules of Evidence. A timely objection ruled upon at trial is reviewed for abuse of discretion. *United States v. Lillard,* 354 F.3d 850, 853 (9th

ed by 9th Cir. R. 36–3.

Cir.2003).[1]

Moore claims the district court erred in admitting the A-file documents, marked Exhibits Nine and Eleven through Fifteen, because they are hearsay falling outside an exception and because they violate the Confrontation Clause. The district court did not abuse its discretion by admitting those documents.

■ In *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held that testimonial, out-of-court statements by a witness are inadmissible at trial under the Confrontation Clause unless the witness is unavailable and the defendant had the opportunity to cross-examine any testimony. *Id.* at 53–54, 124 S.Ct. 1354; *see also Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). We have held when a document "was not made in anticipation of litigation, and ... is simply a routine, objective, cataloging of an unambiguous factual matter," the document is nontestimonial. *United States v. Bahena–Cardenas,* 411 F.3d 1067, 1075 (9th Cir.2005) (holding that a warrant of deportation is nontestimonial). Exhibits Nine, Eleven, Thirteen, Fourteen and Fifteen were not made in anticipation of future litigation, but instead are records routinely made by governmental agencies. Additionally, these documents were contained within Moore's A-file, which is a public immigration record. *See United States v. Ballesteros–Selinger,* 454 F.3d 973, 975 (9th Cir.2006). Under our precedent, "public records ... are not them-

selves testimonial in nature and ... these records do not fall within the prohibition established by the Supreme Court in *Crawford.*" *United States v. Weiland,* 420 F.3d 1062, 1077 (9th Cir.2005). The documents Moore challenged are nontestimonial and their admission into evidence did not violate the Confrontation Clause.

■ The only remaining document Moore challenges is Exhibit Twelve of the A-file, a Sworn Statement by Moore taken just before his 1991 deportation to Jamaica. He argues that his statement is impermissible hearsay. Admissions by a party are excluded from hearsay under Federal Rule of Evidence 801(d)(1)(A). It constitutes a prior statement under oath by the Appellant and bears both his signature and initials. He again admitted, under oath in these proceedings, that he made the previous statements attributed to him and that he signed beneath them. There was no error in admitting Exhibit Twelve.

## II. Sufficiency of the Evidence

■ The government presented evidence that Moore admitted to being a Jamaican national several times during prior immigration proceedings. Further, the government demonstrated that there was no valid birth certificate, driver's license, or other governmental record of Moore's claimed birth to a father of United States citizenship. The government also showed that Moore had never attempted, in his claimed thirty-seven years of life, to initiate proceedings to establish his United States citizenship.

---

**1.** Plain error applies when a party fails to properly raise an objection before the district court. *United States v. Gomez–Norena,* 908 F.2d 497, 500–01 (9th Cir.1990). "A plain error is a highly prejudicial error affecting substantial rights." *United States v. Yar-*

*brough,* 852 F.2d 1522, 1537 (9th Cir.1988). However, even giving Moore the benefit of the doubt that his vague objections preserved his claims for appellate review, his arguments still fail under the less deferential abuse of discretion standard.

Moore argues that the admissions he made during his 1991 expedited removal proceeding were insufficient to sustain the verdict because "a defendant's confession requires some independent corroborating evidence." *United States v. Lopez–Alvarez*, 970 F.2d 583, 589 (9th Cir. 1992) (emphasis removed). However, the corroboration rule only applies to confessions occurring *after* a crime is committed. *Warszower v. United States*, 312 U.S. 342, 347, 61 S.Ct. 603, 85 L.Ed. 876 (1941). Even if Moore's admissions were the government's only evidence of his alienage, which is not the case here, he made them before the crime at issue occurred. We hold that his statements contained in the A-file are sufficient to prove his alienage.

**AFFIRMED.**