**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAAC RAMOS,

Defendant - Appellant.

No. 09-50059

D.C. No. 3:07-cr-03402-IEG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted December 8, 2009
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Issac Ramos appeals his conviction and sentence for unlawful reentry after a

prior deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. The district court properly denied Ramos's suppression motion. It did not clearly err in finding that the Border Patrol agents had reasonable suspicion to believe that Ramos was in the country illegally when they questioned him. Ramos was found hiding in the brush with five other individuals approximately eight miles north of the Mexican border, in an area well-known to be a border-crossing route. The agents were not required to advise Ramos of his *Miranda* rights because he was questioned during a non-custodial *Terry* stop, *see Terry v. Ohio*, 392 U.S. 1, 29 (1968), and the questions were "reasonably related in scope to the justification for their initiation." *United States v. Brignoni-Ponce*, 422 U.S. 873, 881 (1975) (internal quotation marks omitted). Nor did the district court clearly err in finding that Ramos's statements were voluntary, based on its finding that the agents' testimony was credible.

2. The district court did not abuse its discretion by admitting the decision of the Immigration Judge ("IJ") and order of deportation contained in Ramos's Alien Registration File ("A-file"). Contrary to Ramos's assertion, such evidence "do[es] not fall within the prohibition established by the Supreme Court in *Crawford*." *United States v. Ballesteros-Selinger*, 454 F.3d 973, 975 (9th Cir. 2006) (discussing *Crawford v. Washington*, 541 U.S. 36 (2004)) (internal quotation marks omitted). Moreover, the IJ's decision and order of deportation is

2

nontestimonial because it "was not made in anticipation of litigation[] and . . . is simply a routine, objective cataloging of an unambiguous factual matter." *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005).[1] Therefore, Ramos's Confrontation Clause rights were not violated.

3. The district court did not err in denying Ramos's motion to suppress his identity, fingerprints, and criminal record. Even were his arrest unlawful, "the simple fact of who a defendant is cannot be excluded, regardless of the nature of the violation leading to his identity." *United State v. Del Toro Gudino*, 376 F.3d 997, 1001 (9th Cir. 2004). There is "no sanction to be applied when an illegal arrest only leads to discovery of the man's identity and that merely leads to the official file or other independent evidence." *United States v. Guzman-Bruno*, 27 F.3d 420, 422 (9th Cir. 1994) (internal quotation marks omitted).

4. Nor did the district court err in denying Ramos's Rule 29 motion based on insufficiency of the evidence. Viewing the evidence in the light most favorable to the government, any rational trier of fact could have found beyond a reasonable

---

[1] Ramos has waived his argument that the district court's admission of the Certificate of Nonexistence of Record ("CNR") violated the Confrontation Clause, because "arguments not raised by a party in its opening brief are deemed waived." *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). We note, however, the government would have "met its burden of proving harmlessness in this case." *United States v. Orozco-Acosta*, 607 F.3d 1156, 1162 (9th Cir. 2010).

doubt, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), that Ramos "physically left the country sometime between the time he was ordered deported and the time he was found in the United States." *United States v. Bahena-Cardenas*, 411 F.3d at 1074. The record contained evidence of Ramos's warrant of removal and testimony by an immigration enforcement agent that such warrants are signed only after the individual is witnessed crossing the international border into Mexico. "[T]his warrant is sufficient alone to support a finding of removal beyond a reasonable doubt." *United States v. Salazar-Lopez*, 506 F.3d 748, 755 (9th Cir. 2007) (internal quotation marks omitted).

5. The district court did not err in declining to adjust the offense level downward by three for acceptance of responsibility. There is no evidence in the record that supports a finding that Ramos accepted responsibility. Nevertheless, the district court adjusted the offense level downward by three levels, taking into consideration his admission of illegal presence, that he had offered to enter into a conditional plea agreement, and Ramos's right to go to trial when the government rejected his offer. Therefore, the sentence is both procedurally and substantively reasonable, and the district court did not abuse its discretion in imposing the sentence.

**AFFIRMED.**

4