FILED

OCT 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50321 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01002-L-1 |
| v. | |
| FRANKLIN ANTONIO FIGUEROA-MONTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted August 31, 2010
Pasadena, California

Before: O'SCANNLAIN, GOULD and M. SMITH, Circuit Judges.

Franklin Figueroa-Montes appeals his jury conviction and sentence for being

a deported alien found in the United States in violation of 8 U.S.C. § 1326.

Because the facts are known to the parties, we repeat them here only as necessary

to explain our decision.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Figueroa argues that the district court erred by not dismissing the indictment because the grand jury was improperly instructed that it was obligated to indict upon a showing of probable cause. The grand jury instruction was not structural error. *See United States v. Navarro*, 608 F.3d 529, 538 (9th Cir. 2010). Because it was not structural error, it was rendered harmless by Figueroa's subsequent conviction by a jury. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986); *Navarro*, 608 F.3d at 538–40.

Figueroa argues that the admission in evidence of certain documents violated his Sixth Amendment right to confront his accusers. As to the certificate of nonexistence of record, the government admits that there was an error under current Confrontation Clause law, but given all the remaining evidence adduced at trial, we are convinced that the jury would have convicted Figueroa even if the certificate had not been admitted. Its admission in evidence was harmless error beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24 (1967); *United States v. Norwood*, 603 F.3d 1063, 1068–69 (9th Cir. 2010). The certificate was corroborated by and cumulative of other evidence. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1161–62 (9th Cir. 2010). As for the A-file documents, we conclude that they were not testimonial and that their admission in evidence did not violate the Confrontation Clause. *See, e.g.*, *id.* at 1163–64

(warrant of removal was not testimonial because it was not made in anticipation of litigation); *United States v. Ballesteros-Selinger*, 454 F.3d 973, 975 (9th Cir. 2006) (routine, objective cataloging of an unambiguous factual matter was not testimonial).

Figueroa argues that the documents and certain individual statements therein were inadmissible hearsay. *See* Fed. R. Evid. 802. But the district court did not abuse its discretion by admitting this evidence under the public records exception to the hearsay rule. *See* Fed. R. Evid. 803(8). *See also, e.g.*, *United States v. Hernandez-Herrera*, 273 F.3d 1213, 1217–18 (9th Cir. 2001) (deportation documents were public records admissible to prove alienage); *United States v. Hernandez-Rojas*, 617 F.2d 533, 535 (9th Cir. 1980) (notation of deportation was a "ministerial, objective observation").

Figueroa contends that the district court erred by not granting a downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. We conclude that the district court did not err in its interpretation of the law, and we also conclude that the district court did not commit clear error in finding that Figueroa had not timely accepted responsibility. *See, e.g.*, *United States v. Cantrell*, 433 F.3d 1269, 1284–85 (9th Cir. 2006) (district court's decision about acceptance of responsibility is a factual finding reviewed for clear error); *United States v.*

*Martinez-Martinez*, 369 F.3d 1076, 1090 (9th Cir. 2004) (district court's decision in these circumstances is "virtually unassailable").

Figueroa further claims that 8 U.S.C. § 1326(b) is unconstitutional. This challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998). Figueroa's claim that *Almendarez-Torres* has been implicitly overruled is meritless. It remains binding precedent unless and until it is overruled by the United States Supreme Court. *E.g.*, *Hohn v. United States*, 524 U.S. 236, 252–53 (1998); *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1093 (9th Cir. 2007). We may not by anticipation overrule a Supreme Court precedent on grounds it has been undermined by later precedent. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997).

**AFFIRMED.**