**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50604 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00864-JM-1 |
| v. | |
| LUIS MIGUEL DIAZ-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted August 31, 2010[**]
Pasadena, California

Before: O'SCANNLAIN, GOULD and M. SMITH, Circuit Judges.

Luis Diaz-Lopez appeals his conviction for being a removed alien found in

the United States without permission. *See* 8 U.S.C. § 1326(a). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

Diaz argues that admission of certain documents violated the Confrontation Clause and the hearsay rule found in Federal Rule of Evidence 802.[1] We review alleged violations of the Confrontation Clause de novo. *United States v. Nguyen*, 565 F.3d 668, 673 (9th Cir. 2009). We review for abuse of discretion a district court's decision to admit evidence under an exception to the hearsay rule. *United States v. Orellana-Blanco*, 294 F.3d 1143, 1148 (9th Cir. 2002).

Diaz challenges admission of a warrant of removal. We have squarely held that admission of a warrant of removal does not violate the Confrontation Clause because it is not made in anticipation of litigation, and therefore is not testimonial. *United States v. Orozco-Acosta*, 607 F.3d 1156, 1163 (9th Cir. 2010). It does not matter that the contents of the first page of the warrant have not been addressed specifically by us because that page was not prepared in anticipation of litigation, and was nontestimonial. *See id.*; *see also United States v. Villavicencio-Burruel*, 608 F.3d 556, 560–61 (9th Cir. 2010) (holding that admission of a warrant of

---

[1] We address Diaz's argument that admission of testimony regarding a database search lacked foundation and violated the best evidence rule in a simultaneously filed published opinion, which also affirms the district court's judgment.

2

removability did not violate the Confrontation Clause). Also, admission of the warrant did not violate the hearsay rule because it is admissible under the exception for public records found in Rule 803(8). *United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th Cir. 1997) (holding that case law "clearly establishes that warrants of deportation are public records within the meaning of Rule 803(8)").

Diaz contends that specific statements on the first page of the warrant are inadmissible hearsay. We disagree. The challenged statements are "ministerial, objective observation[s]," and the district court did not abuse its discretion by admitting them. *United States v. Hernandez-Rojas*, 617 F.2d 533, 535 (9th Cir. 1980).

Next, Diaz contends that the order of the immigration judge was inadmissible. This order was not admitted in violation of the Confrontation Clause because it was not testimonial. In *United States v. Ballesteros-Selinger*, we held that an immigration judge's memorandum of oral decision was not testimonial because it was a public record "not made in anticipation of future litigation," and was "a standardized form that gives a record of the parties and decision at the deportation hearing." 454 F.3d 973, 975 (9th Cir. 2006). The order here shares the same features as the memorandum in *Ballesteros-Selinger*, and is not testimonial.

Diaz also contends that the order was inadmissible hearsay because the public records exception does not allow "factual findings resulting from investigations conducted by public officers" to be introduced against criminal defendants. *See United States v. Sine*, 493 F.3d 1021, 1036–37 (9th Cir. 2007). The order, however, contained no factual findings or analysis. And it was not hearsay because it was not introduced to prove the truth of the matter asserted. *See United States v. Boulware*, 384 F.3d 794, 805–06 (9th Cir. 2004). Admission of this order was not an abuse of discretion.

On similar grounds, Diaz challenges admission of the warning to an alien ordered removed. But, admission of the warning did not violate the Confrontation Clause because it was not prepared in anticipation of litigation and was not testimonial. It is a "standardized form" with no personalized content or factual findings. *See Ballesteros-Selinger*, 454 F.3d at 975. Moreover, because this form contains only "routine," "ministerial, objective observation[s]," it is admissible under the public records exception to the hearsay rule. *Hernandez-Rojas*, 617 F.2d at 535.

We also reject the Confrontation Clause challenge to admission of a fingerprint card. The card contains only ministerial, objective observations. Like the warning of removal in *Orozco-Acosta*, the fingerprint card was not created in

4

anticipation of litigation and is not testimonial.  *See Orozco-Acosta*, 607 F.3d at 1163.  Diaz argues that the second page of the fingerprint card violated the hearsay rule because it contained the findings of an investigation, but the second page is no less admissible than the first.  The ministerial, objective observations on the second page have "'inherent reliability because of the Government's need to keep accurate records of the movement of aliens.'"  *Id.* (quoting *Hernandez-Rojas*, 617 F.2d at 535).  The district court did not abuse its discretion by admitting the fingerprint card in its entirety.

Finally, Diaz challenges admission of an affidavit that was sworn to and signed by him, contending that its admission violates both the Confrontation Clause and the hearsay rule.  We conclude that it violated neither.  Diaz claims that his signature on the affidavit does not show his adoption of the statement, that the affidavit is rather a statement of the border patrol agent who questioned him, and that, therefore, the border patrol agent should have testified in court.  *See United States v. Orellana-Blanco*, 294 F.3d at 1148.  But Diaz did more than merely sign; he added his initials to each page of the statement, said that he had read, or had read to him, the statement, placed his fingerprint over the date, and stipulated that the fingerprint matched his own.  No evidence here undermines confidence in the ordinary inference that Diaz adopted the signed statement.

5

In *Orellana-Blanco*, in circumstances quite different from those here, we held that a person's signature on an affidavit, under the circumstances of that case, did not manifest adoption of that statement. *Id.* But there we considered evidence that answers were not translated verbatim. *Id.* at 1147–49. We also considered testimony that "established a considerable language barrier" and disputed some responses on the form. *Id.* Moreover, in *Orellana-Blanco,* unlike here, the interpreter was a third person who "wasn't there for substantial portions of the interview." *Id.* at 1148. *Orellana-Blanco* states that "a signature would ordinarily make adoption plain," and that, under ordinary circumstances, "a signed statement, even if written by another in another's words, would be adopted as the party's own if he signed it, because signing is a manifestation of adopting the statement." *Id.* That is the case here. Because Diaz's statement was given under ordinary circumstances, it raises "no serious hearsay or confrontation clause problem." *Id.*

**AFFIRMED.**

6