**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4204

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDY L. THORNTON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:04-cr-00225)

Submitted: November 13, 2006    Decided: December 11, 2006

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy L. Thornton appeals his conviction after a jury trial and 262-month prison sentence for two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Thornton raises five arguments on appeal. Finding no error, we affirm.

First, Thornton argues that the evidence at trial was insufficient to prove he constructively possessed the .45-caliber pistol discovered under the passenger seat of the car he was driving when he was arrested. We will affirm a conviction challenged for sufficiency of the evidence if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996). A defendant challenging a conviction for sufficiency of the evidence bears a "heavy burden," see United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995), and "a decision [to reverse for insufficient evidence] will be confined to cases where the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978). An appellate court must "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021

(4th Cir. 1982) (citations omitted). This court does not review credibility determinations on appeal. See Glasser, 315 U.S. at 80.

With these standards in mind, we find the evidence sufficient to support the jury's verdict. Thornton relies on United States v. Blue, 957 F.2d 106 (4th Cir. 1992), where we reversed a conviction after finding that the evidence was insufficient to show possession of a firearm. In Blue, the defendant was the passenger in a car, and a police officer observed Blue's shoulder dip as if he was reaching under the seat. A gun was discovered under the seat. Id. at 108. Here, an officer observed Thornton "dip down in the car" when he was stopped.

In contrast to Blue, Thornton was the driver of the vehicle in which the firearm was found. That fact demonstrated that Thornton had a greater degree of "dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed," than the defendant in Blue. Id. at 107. Further, the owner of the car, who was a passenger at the time police stopped Thornton, testified that the gun was not hers. She also testified that Thornton later called her and suggested she could have owned the gun. On this evidence, the jury was entitled to conclude that Thornton constructively possessed the firearm. See United States v. Scott, 424 F.3d 431, 435 (4th Cir. 2005).

Next, Thornton argues that the district court erred in admitting fingerprint cards produced by various law enforcement

agencies and maintained by the FBI. We review a district court's decision as to the admissibility of evidence for abuse of discretion and will not find an abuse unless a decision was "arbitrary and irrational." United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002).

We have reviewed the record, the district court's decision, and the briefs of the parties on appeal. We conclude that the fingerprint cards were admissible either as business records under Fed. R. Evid. 803(6) or as public records under Fed. R. Evid. 803(8). See United States v. Weiland, 420 F.3d 1062, 1075 (9th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006); United States v. Moore, 791 F.2d 566, 574 (7th Cir. 1986). Moreover, their admission did not violate Thornton's Confrontation Clause rights, as elucidated in Crawford v. Washington, 541 U.S. 36 (2004). Crawford applies to "testimonial" evidence, and the Supreme Court has suggested that some examples of hearsay "by their nature were not testimonial — for example, business records." Id. at 56. We conclude that the fingerprint cards were not "testimonial," and that the admission of such business or public records does not violate the rule in Crawford. See United States v. Jamieson, 427 F.3d 394, 411 (6th Cir. 2005); United States v. Cervantes-Flores, 421 F.3d 825, 832 (9th Cir. 2005); Weiland, 420 F.3d at 1076-77; United States v. Rueda-Rivera, 396 F.3d 678, 680 (5th Cir. 2005).

- 4 -

Next, Thornton argues that the district court lacked jurisdiction over the case because there was insufficient evidence to establish that he possessed the firearms in or affecting interstate commerce. The Government introduced evidence at trial establishing that the guns were manufactured in Ohio and traveled in interstate commerce. Thornton concedes that his argument is foreclosed by our decisions in United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001), and United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996). We follow these precedents and reject Thornton's argument.

Fourth, Thornton argues that the district court violated his Sixth Amendment rights, as defined in United States v. Booker, 543 U.S. 220 (2005), by enhancing his sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000), when his prior convictions were not submitted to the jury or proved beyond a reasonable doubt. Thornton concedes that we rejected this specific argument in United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir.), cert. denied, 126 S. Ct. 640 (2006). Again, we rely on our precedent and reject Thornton's argument.

Finally, Thornton argues that his 262-month sentence is unreasonable. This court reviews a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the

appropriate findings of fact) the range prescribed by the guidelines." Id. at 546. Thornton conceded at sentencing that, if the Armed Career Criminal Act applied, the district court properly calculated the advisory guideline range of 262 to 327 months' imprisonment. Next, the district court must consider this range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. "[A] sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" United States v. Green, 436 F.3d 449, 456-57 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006) (quotations omitted).

"The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)). The court sentenced Thornton at the low end of the advisory guideline range. His sentence, therefore, is presumptively reasonable. Thornton has not overcome this presumption.

For these reasons, we affirm Thornton's conviction and sentence. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED