**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Antonio SEGUNDO, Defendant—
Appellant.**

No. 06–10742.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2008.

Filed Jan. 5, 2009.

Angela Marie Martinez, Esquire, Assistant U.S., Munish Sharda, Esquire, Assistant U.S., Christina Marie Cabanillas, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Roger H. Sigal, Esquire, Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER, BERZON and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Antonio Segundo ("Segundo") appeals his conviction for the crime of illegal reentry after deportation. *See* 8 U.S.C. § 1326. We affirm.

■ 1. To establish the crime of illegal reentry after deportation, the government must prove beyond a reasonable doubt that the defendant entered the country "free from official restraint." *See United States v. Bello–Bahena,* 411 F.3d 1083, 1087 (9th Cir.2005). Border Patrol Agent McManus described arresting Segundo approximately two miles north of the border, and identified the defendant as the person he arrested. This evidence was sufficient for a reasonable jury to have concluded that Segundo entered the United States free from "official restraint." *See id.* at 1088.

■ In addition, because McManus's testimony alone was sufficient to support a

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jury finding on this issue, the government did not rely solely, or even primarily, on Segundo's alleged confession to establish this element of the offense. The *corpus delicti* rule is therefore not implicated here. *See United States v. Norris*, 428 F.3d 907, 913 (9th Cir.2005) (*"[C]orpus delicti* evidence is required only when a confession is the sole basis for a conviction.").

■ McManus also physically identified Segundo in court, thereby satisfying the government's burden to identify the defendant. *See United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir.1995).

■ 2. The district court did not plainly err when it admitted the fingerprint card dated 9/22/2005. The "law enforcement exception" to Fed.R.Evid. 803(8), the public records exception to the prohibition on hearsay, does not apply to the fingerprint card. Although "law enforcement personnel" observed and recorded the information on the card, they did so as part of the Border Patrol's "routine" process of booking arrestees. *See United States v. Weiland*, 420 F.3d 1062, 1075 (9th Cir.2005) ("[F]ingerprinting and photographing a suspect . . . are the types of routine and unambiguous matters to which the public records hearsay exception in Rule 803(8)(B) is designed to apply."). In addition, there was no evidence to "indicate a lack of trustworthiness" with respect to the card's authenticity. "[T]he Government's need to keep accurate records of the movement of aliens" provides a guarantee of the fingerprint card's trustworthiness, and the minimal discrepancies between the information on the 9/22/2005 card and the card dated 9/1/2005 do not raise doubts about the 9/22/2005 card's reliability. *See United States v. Hernandez–Rojas*, 617 F.2d 533, 535 (9th Cir. 1980).

■ 3. Nor did the introduction of the fingerprint card violate Segundo's Sixth Amendment right to confront witnesses testifying against him. The Border Patrol rolled Segundo's fingerprints and recorded the date on the card as part of the administrative process it uses to book new detainees. As a result, the relevant information on the card was not "testimonial" in nature, and therefore did not implicate the Confrontation Clause. *See Weiland*, 420 F.3d at 1077 (holding that documents, even if "prepared for the purposes of litigation," are not testimonial where they involve "routine cataloguing of an unambiguous factual matter") (internal quotation marks and citations omitted).

■ 4. Segundo's final argument, that in-court identifications by Border Patrol Agents McManus and Frias violated his Due Process rights, also fails. Segundo argues that Agents McManus's and Frias's pre-trial review of Segundo's photograph was an impermissibly suggestive identification procedure. *See United States v. Montgomery*, 150 F.3d 983, 992 (9th Cir. 1998).

Even if the pre-trial identification procedure was impermissibly suggestive, the "totality of the circumstances" indicate that the agents' in-court identifications of Segundo were nonetheless "sufficiently reliable." *See id.* at 993. Both agents spent significant time with Segundo at the time of his arrest and detention, and both had a reason and opportunity to observe him closely. In addition, Agent McManus, who provided the crucial testimony against Segundo, testified that he had an independent recollection of Segundo's arrest. Because the agents' in-court identifications were "sufficiently reliable," no due process violation occurred. *See id.*

AFFIRMED.