Cite as: 562 U. S. ____ (2010)          1

# SUPREME COURT OF THE UNITED STATES

## LESLIE WEISE ET AL. *v.* MICHAEL CASPER ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

No. 10–67.   Decided October 12, 2010

The petition for a writ of certiorari is denied.

JUSTICE GINSBURG, with whom JUSTICE SOTOMAYOR joins, dissenting from denial of certiorari.

The President of the United States gave a speech open to the public, from which Leslie Weise and Alex Young allege they were forcibly ejected. Their transgression was to have arrived at the event in a car that displayed a bumper sticker reading "No More Blood For Oil." After they were marched out, they allege, Secret Service officials confirmed to them that the bumper sticker was the reason for their exclusion.

I cannot see how reasonable public officials, or any staff or volunteers under their direction, could have viewed the bumper sticker as a permissible reason for depriving Weise and Young of access to the event. Nevertheless, the Court of Appeals held respondents entitled to qualified immunity because "no specific authority instructs this court . . . how to treat the ejection of a silent attendee from an official speech based on the attendee's protected expression outside the speech area." 593 F. 3d 1163, 1170 (CA10 2010). No "specific authority" should have been needed; "[f]or at least a [half]-century, this Court has made clear that . . . [the government] may not deny a benefit to a person on a basis that infringes his constitutionally protected interests." *Perry* v. *Sindermann*, 408 U. S. 593, 597 (1972). As Judge Holloway noted in his incisive dissent, solidly established law "may apply with obvious clarity" even to conduct startling in its novelty.

593 F. 3d, at 1177 (quoting *Hope* v. *Pelzer*, 536 U. S. 730, 741 (2002); emphasis deleted).

The Court of Appeals suggested that this Court's decision in *Hurley* v. *Irish-American Gay, Lesbian and Bisexual Group of Boston, Inc.*, 515 U. S. 557 (1995), could have justified a decision to exclude individuals who appear to disagree with the President's views. But the comparison serves only to highlight the unlawfulness of Weise's and Young's alleged treatment: Not only was this an official presentation of the President's views, not a private act of expression as in *Hurley*; in addition, unlike the *Hurley* plaintiff who sought to engage in competing expression, Weise and Young were "*silent* attendee[s]," 593 F. 3d, at 1170 (emphasis added). Their presence alone cannot have affected the President's message. Therefore, ejecting them for holding discordant views could only have been a reprisal for the expression conveyed by the bumper sticker. "Official reprisal for protected speech 'offends the Constitution because it threatens to inhibit exercise of the protected right.'" *Hartman* v. *Moore*, 547 U. S. 250, 256 (2006) (quoting *Crawford-El* v. *Britton*, 523 U. S. 574, 588, n. 10 (1998); brackets omitted).

I see only one arguable reason for deferring the question this case presents. Respondents were volunteers following instructions from White House officials. The Volunteer Protection Act of 1997, 111 Stat. 218, 42 U. S. C. §14501 *et seq.*, had respondents invoked it in the courts below, might have shielded them from liability. Federal officials themselves, however, gain no shelter from that Act. Suits against the officials responsible for Weise's and Young's ouster remain pending and may offer this Court an opportunity to take up the issue avoided today.