**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LESLIE WEISE; ALEX YOUNG,

      Plaintiffs–Appellants,

v.

MICHAEL CASPER, in his individual
capacity; JAY BOB KLINKERMAN, in
his individual capacity; STEVEN A.
ATKISS, in his individual capacity;
JAMES A. O'KEEFE, in his individual
capacity; and JOHN/JANE DOES 1-5, all
in their individual capacities,

      Defendants–Appellees.

No. 10-1438
(D.C. No. 1:05-CV-02355-WYD-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **SEYMOUR**, and **LUCERO**, Circuit Judges.

---

In seeking certification to pursue an interlocutory appeal in this case, plaintiffs

Leslie Weise and Alex Young represented to the district court that "[i]f the appellate

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 32.1.

courts affirm this Court's ruling, then the plaintiffs will necessarily concede that" the remaining defendants "are also entitled to judgment."  Relying in part on this representation, the district court granted certification.  On appeal, this court affirmed.  Given the clear statement plaintiffs made to the district court, it would appear that the remaining defendants, Steven Atkiss and James O'Keefe, were entitled to a judgment of dismissal.  Instead, the plaintiffs attempted to advance a new theory suggested by the dissent in the prior appeal.  Having obtained a benefit through their earlier representations, however, Weise and Young may not now switch course.  Under the doctrine of judicial estoppel, they are bound by their prior position.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of plaintiffs' claims against Atkiss and O'Keefe.

**I**

The underlying facts are described in our two previous opinions in this matter. See Weise v. Casper, 593 F.3d 1163, 1165-66 (10th Cir. 2010) ("Weise II"); Weise v. Casper, 507 F.3d 1260, 1262-63 (10th Cir. 2007) ("Weise I").  In summary, Weise and Young allege that Jay Bob Klinkerman and Michael Casper ejected them from a speech by then-President George W. Bush.  Plaintiffs claim the ejection was motivated by a bumper sticker on Weise's vehicle, which read "No More Blood for Oil."  Weise and Young further claim Atkiss and O'Keefe made the decision to eject them based on a policy of prohibiting individuals with a viewpoint different than the president's from attending presidential speeches.

Plaintiffs initially filed suit against Casper, Klinkerman, and several John/Jane Doe defendants, alleging a violation of their First and Fourth Amendment rights. The named defendants moved to dismiss based on qualified immunity, but the district court denied the motion without prejudice and allowed plaintiffs to move forward with limited discovery. Casper and Klinkerman filed an appeal, which we dismissed for lack of appellate jurisdiction. Weise I, 507 F.3d at 1261.

While the Weise I appeal was pending, plaintiffs learned the identities of Atkiss and O'Keefe. They filed a separate complaint against Atkiss, O'Keefe, and a third defendant,[1] which was eventually consolidated with the previously filed action. Following discovery, Casper and Klinkerman again moved to dismiss based on qualified immunity. Atkiss and O'Keefe filed answers to the complaint, but did not seek dismissal at that time. The district court granted Casper's and Klinkerman's motions, concluding that both defendants were entitled to qualified immunity.

All remaining parties then jointly moved to certify the district court's qualified immunity decisions pursuant to Fed. R. Civ. P. 54(b).[2] They stated that "there is no just reason for delay because resolution of an appeal of Defendant Casper's and Klinkerman's

---

[1] The third defendant was Greg Jenkins, who plaintiffs allege was the Director of the White House Advance Office and was involved in establishing the exclusion policy referenced supra. The claims against Jenkins were dismissed for lack of personal jurisdiction. He is not a party to this appeal and our ruling does not implicate any potential future proceedings involving him.

[2] Jenkins was no longer a party when the Rule 54(b) motion was filed.

-3-

motions to dismiss may resolve the case in its entirety at this stage, and avoid the need for costly discovery and a full trial for all remaining parties." Weise and Young took the position that "[i]f the appellate courts affirm this Court's ruling, then the plaintiffs will necessarily concede that defendants Atkiss and O'Keefe are also entitled to judgment." The district court granted the motion.

A panel of our court affirmed the district court's grant of qualified immunity, holding that "Plaintiffs simply have not identified any First Amendment doctrine that prohibits the government from excluding them from an official speech on private property on the basis of their viewpoint." Weise II, 593 F.3d at 1168. Judge Holloway dissented from the panel opinion, suggesting that the case should be interpreted under the rubric of First Amendment retaliation rather than viewpoint discrimination. See id. at 1177-78 (Holloway, J., dissenting). In response, the majority stated that plaintiffs framed the appeal as "whether it is clearly established that individuals have a right to be free from viewpoint discrimination." Id. at 1168 n.1. As for First Amendment retaliation based on "the constitutionally protected speech on the bumper sticker," the majority concluded that "[n]o such argument appears in the briefs." Id. En banc review was denied by this court on a 5-5 vote. See Weise II, No. 09-1085 (10th Cir. Apr. 20, 2010). Certiorari was denied by the Supreme Court over the dissent of two justices. Weise v. Casper, 131 S. Ct. 7 (2010).

When the case wound its way back to the district court, remaining defendants Atkiss and O'Keefe moved to dismiss based on the Weise II ruling and plaintiffs'

-4-

position in the Rule 54(b) motion. Despite their prior representation that they would "necessarily concede that defendants Atkiss and O'Keefe are also entitled to judgment" if the appellate courts affirmed the dismissal of Casper and Klinkerman, plaintiffs opposed the motion. Taking a cue from Judge Holloway's Weise II dissent, Weise and Young argued that a First Amendment retaliation claim remained viable.

The district court was not pleased with plaintiffs' reversal. Stating that "Plaintiffs appear to be engaging in blatant gamesmanship," the district court found plaintiffs' position "completely inconsistent" with their Rule 54(b) arguments. "For this reason alone," the court held, "I could grant Defendants' Motion to Dismiss." But the district court also considered the merits of the motion, alternatively holding that the claims against Atkiss and O'Keefe should be dismissed under the law of the case doctrine "for the same reasons the motion to dismiss as to Casper and Klinkerman was granted."

## II

The district court thus provided two bases for its dismissal. We need only consider the first rationale—judicial estoppel—because we agree with the district court that plaintiffs' reversal in position standing alone justifies dismissal.

A litigant may be barred from changing positions under the doctrine of judicial estoppel. "We review a judicial estoppel decision for abuse of discretion." Bradford v. Wiggins, 516 F.3d 1189, 1193 (10th Cir. 2008). Although "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," the doctrine "generally prevents a party from

-5-

prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749, 750 (2001) (quotation omitted). The purpose of the rule is "to protect the integrity of the judicial process." Id. at 749 (quotation omitted).

Our court has identified three factors that are helpful in determining whether judicial estoppel is properly invoked:

> First, a party's later position must be clearly inconsistent with its earlier position. Moreover, the position to be estopped must generally be one of fact rather than of law or legal theory. Second, whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. The requirement that a previous court has accepted the prior inconsistent factual position ensures that judicial estoppel is applied in the narrowest of circumstances. Third, whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Johnson v. Lindon City Corp., 405 F.3d 1065, 1069 (10th Cir. 2005) (citations and quotations omitted).

Plaintiffs' attempt to repent of their bargain satisfies these criteria. First, their present stance is obviously inconsistent with their past position. Weise and Young stated in the Rule 54(b) motion that they would "necessarily concede" their claims against Atkiss and O'Keefe if the appellate courts affirmed the in Weise II. Despite that concession, and notwithstanding our circuit's affirmance of Weise II, plaintiffs unsuccessfully opposed a motion to dismiss by Atkiss and O'Keefe, and now seek to appeal the district court's dismissal of the claims against those defendants. Further,

-6-

whether plaintiffs would concede dismissal of the claims against Atkiss and O'Keefe is a factual issue.

Second, reversal by this court would create the impression that the district court was misled. The district court granted Rule 54(b) certification in part based on plaintiffs' representation that they would concede judgment if this court affirmed. This representation was material; Rule 54(b) is intended to promote judicial efficiency. See Okla. Tpk. Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001). By taking the position that an interlocutory appeal would resolve the case, plaintiffs induced the district court to grant certification. Having received the benefit of their bargain, it is too late for plaintiffs to escape their promise.

Finally, were we to allow plaintiffs to renege, we would grant them an unfair advantage. Atkiss and O'Keefe consented to Rule 54(b) certification under the belief that the appeal in Weise II would decide this matter one way or the other. Had defendants known plaintiffs would seek a second bite at the apple, they might have opposed 54(b) certification in an effort to have everything decided in a single appeal. Or Atkiss and O'Keefe might well have filed a motion to dismiss on the basis of qualified immunity, emulating the successful motions filed by Casper and Klinkerman. In that instance, the district court almost certainly would have granted qualified immunity to Atkiss and O'Keefe, limiting plaintiffs to a single appeal. Weise and Young no doubt seek to avoid their promise because the dissent in Weise II suggested a legal theory they had not considered. But absent certification, plaintiffs would have had only a single shot in this

court and thus would not have the opportunity to argue the points made by the dissent in <u>Weise II</u>.

Weise and Young provide no reasoned basis to ignore the judicial estoppel effect of their statement in the Rule 54(b) motion.  Surprisingly for us, plaintiffs failed to even mention the issue in their opening brief.  To paraphrase the district court, we can affirm on this basis alone.  <u>See</u> <u>Coleman v. B-G Maint. Mgmt. of Colo.</u>, 108 F.3d 1199, 1205 (10th Cir. 1997) (arguments not made in an opening brief are deemed abandoned).  Act in haste, repent in leisure.  Plaintiffs may now seek to repent, but ultimately, litigants must stand by their judicial representations, and we will hold Weise and Young to their word.

**III**

    **AFFIRMED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge