**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4986**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

TYRONE DALE,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.
(1:10-cr-00144-RDB-1)

Submitted:  August 23, 2012      Decided:  September 12, 2012

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph M. Owens, Baltimore, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Clinton J. Fuchs, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Dale appeals from his convictions for robbery, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a crime of violence. On appeal, he raises various claims. We affirm.

I.

First, Dale challenges the denial of his motion to suppress his confession and certain physical evidence. Dale contends that his arrest was improper and that his confession was physically coerced. However, Dale admits that the success of either claim depends upon a finding that the Government witnesses perjured themselves at the suppression hearing.

Following the denial of a motion to suppress, we construe the evidence in the light most favorable to the Government and review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). A factual finding is clearly erroneous if this court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted). We "defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their

2

credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted).

Here, the district court rejected Dale's testimony and found that the officers' assertions were credible. Dale presents nothing on appeal to support his version of the facts except his own self-serving statement. Because Dale has not shown that the district court's finding was clearly erroneous, we affirm the district court's denial of the motion to suppress.

## II.

Dale next asserts that the fingerprint cards from his prior convictions were improperly admitted in violation of the Confrontation Clause because he did not have the opportunity to cross examine the person who obtained the prints and prepared the card.[*] He argues that the fingerprint cards were testimonial in nature, citing Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), and Crawford v. Washington, 541 U.S. 36 (2004).

We review a Confrontation Clause objection to an evidentiary ruling de novo. United States v. Summers, 666 F.3d

---

[*] The cards contained fingerprints, demographic information, charge information, and a tracking number. At trial, an expert testified that the fingerprints on the cards and Dale's fingerprints matched, which was probative of whether Dale was a convicted felon.

192, 197 (4th Cir. 2011), petition for cert. filed (May 31, 2012). "A statement must be 'testimonial' to be excludable under the Confrontation Clause." United States v. Udeozor, 515 F.3d 260, 268 (4th Cir. 2008). Crawford explicitly states that routinely kept business records are not testimonial evidence. 541 U.S. at 56. In Melendez-Diaz, the Supreme Court applied Crawford, finding that it precluded the admission into evidence of "certificates of analysis" detailing the results of forensic testing performed on seized cocaine. However, the Supreme Court reaffirmed Crawford's holding that traditional business records are not testimonial evidence: "Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial." 557 U.S. at 324; see also Michigan v. Bryant, 131 S. Ct. 1143, 1155 (2011) (finding out-of-court statements are testimonial when they describe past conduct and are made for the purpose of creating a record for trial).

Here, the non-testifying official took fingerprints and demographic information from Dale. The official did no analysis and came to no conclusions. The cards are compiled routinely and maintained for 100 years for identification

4

purposes. The cards serve no prosecutorial function on their own and do not (without additional testimony and analysis) implicate Dale in criminal activity. The cards contain only ministerial, objective observations. As such, the relevant information on the cards was not "testimonial" in nature and, therefore, did not implicate the Confrontation Clause. See United States v. Weiland, 420 F.3d 1062, 1075 (9th Cir. 2005) ("[F]ingerprinting and photographing a suspect . . . are the types of routine and unambiguous matters to which the public records hearsay exception . . . is designed to apply."); see also United States v. Cabrera-Beltran, 660 F.3d 742, 752 (4th Cir. 2011) (holding that border records regarding the license numbers of vehicles crossing the border are routine and mechanical, and concern unambiguous factual matters and, as such, are nonadversarial and not testimonial), cert. denied, 132 S. Ct. 1935 (2012).

III.

Dale next contends that the Government failed to prove that he possessed a "firearm" under 18 U.S.C. § 922(g)(1) (2006), because the firearm in question was inoperable. However, he concedes that this court has found that an inoperable firearm is nonetheless a "firearm" for purposes of the statute. See United States v. Williams, 445 F.3d 724, 743

5

n.3 (4th Cir. 2006); <u>see also</u> <u>United States v. Brown</u>, 117 F.3d 353, 355 (7th Cir. 1997) (collecting cases holding that firearm need not be operable to meet definition of firearm under 18 U.S.C. § 921(a)(3) (2006)).  Accordingly, this claim is without merit.


                              IV.

        Finally, Dale contends that evidence that the firearm was manufactured outside the state where he possessed it was insufficient to satisfy the interstate commerce nexus required by § 922(g).  However, he admits that this evidence is sufficient under existing precedent.  <u>See</u> <u>Williams</u>, 445 F.3d at 740.  As such, the claim fails.

        Based on the foregoing, we affirm Dale's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                    <u>AFFIRMED</u>