**IN THE COURT OF APPEALS OF IOWA**

No. 14-0557
Filed April 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GARY ERNEST MOORE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Sioux County, Duane E. Hoffmeyer, Judge.

A defendant appeals his conviction for operating while intoxicated, third offense as a habitual offender. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma & Clabaugh P.L.C., Sioux Center, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Thomas Kunstle, County Attorney, and Andrea Glasgow, Assistant County Attorney, for appellee.

Heard by Vaitheswaran, P.J., and Doyle and Tabor, JJ.

**VAITHESWARAN, P.J.**

Gary Moore appeals his judgment and sentence for operating a motor vehicle while intoxicated, third offense as a habitual offender, in violation of Iowa Code sections 321J.2(2), 902.8 and 902.9(3) (2013). He does not challenge the sufficiency of the evidence supporting the jury's finding of guilt on the underlying charge. His appeal focuses on the separate sentencing enhancement proceedings: the first to determine whether he was previously convicted of operating while intoxicated and the second to determine whether he was previously convicted of felonies. Moore declined to stipulate to his identity, requiring the State to present evidence he was one and the same person convicted of all the prior crimes.

The State attempted to meet its burden in the sentencing enhancement proceedings by introducing certified copies of judgments and certified copies of arrest records containing identifying information, including fingerprints. The State also called a fingerprint identification expert. Juries subsequently found Moore to be the person convicted of the prior crimes.

On appeal, Moore contends (1) the district court's admission of the fingerprint records violated his rights under the Confrontation Clause of the United States and Iowa Constitutions and (2) his trial attorney was ineffective in failing to challenge the reliability of the fingerprint expert's testimony.

## I. Confrontation Clause

As a preliminary matter, the State asserts Moore failed to preserve his Iowa confrontation clause argument for appellate review and failed to challenge on United States Confrontation Clause grounds fingerprint records introduced

during the first sentencing enhancement proceeding. We agree on both counts. Accordingly, we decline to consider Moore's Iowa confrontation clause challenge to any fingerprint records and his United States Confrontation Clause challenge to the fingerprint records admitted in the first sentencing enhancement proceeding. *See State v. Robinson*, 859 N.W.2d 464, 487 (Iowa 2015) (noting defendant failed to preserve "any claim under the United States or Iowa Constitutions"); *State v. Hicks*, No. 13-1912, 2015 WL 1046130, at *3-4 (Iowa Ct. App. Mar. 11, 2015) (citing *State v. Farni*, 325 N.W.2d 107, 109 (Iowa 1982)) (rejecting assertion that hearsay objection preserved error on Confrontation Clause claim). We are left with Moore's United States Confrontation Clause challenge to the fingerprint records admitted during the habitual offender sentencing enhancement proceeding.

The Confrontation Clause of the United States Constitution grants a person accused of crimes the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The clause prohibits the admission of "testimonial" evidence without affording the defendant the opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 51 (2003). Moore asserts, "There is no doubt the exhibits were testimonial and subject to the restrictions of the Confrontation Clause." The State responds that the Confrontation Clause is inapplicable to sentencing enhancement proceedings but, in any event, the fingerprint evidence was not "testimonial."

We assume without deciding the Confrontation Clause of the United States Constitution applies to sentencing enhancement proceedings. We proceed to the question of whether the fingerprint records were testimonial. Our

appellate courts have not addressed this precise issue. However, similar records have been found to be nontestimonial.

In *State v. Shipley*, the Iowa Supreme Court concluded the admission of a driving record abstract withstood a Confrontation Clause challenge. *State v. Shipley*, 757 N.W.2d 228, 230-31, 234-35 (Iowa 2008). The court specifically held the "underlying driving record is 'nontestimonial' under *Crawford* and admissible without the testimony of a live witness." *Id.* at 238. The court reasoned as follows: "[The driving record] was created *prior* to the events leading up to [Shipley's] criminal prosecution. As a result, Shipley's driving record would exist even if there had been no subsequent criminal prosecution." *Id.* at 237.

The *Shipley* court also rejected a Confrontation Clause challenge to the certification of authenticity for the driving record. The court reasoned as follows:

> The purpose of the certification in this case is simply to confirm that a copy of a record is a true and accurate copy of a document that exists in a government data bank. The purpose of offering the certification is not to avoid cross-examination or to advance an inquisition, but only to allow the admission of an underlying record that was prepared in a nonadversarial setting prior to the institution of the criminal proceeding.

*Id.* at 238-39.

The Iowa Supreme Court reaffirmed these holdings in *State v. Kennedy*, 846 N.W.2d 517, 523-24 (Iowa 2014). Faced with recent United States Supreme Court opinions expounding on this issue, the court held the opinions did not undermine *Shipley*. *Kennedy*, 846 N.W.2d at 524-25 (citing *Melendez–Diaz v. Massachusetts*, 557 U.S. 305 (2009), and *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011)). The court reasoned as follows:

> The compiling of the record does not require a scientist or technician to do any tests in order to report what already exists in the IDOT records. In other words, the certified abstract of a driving record is nothing more than a historical report of what is contained in the records of the IDOT.

*Id.*, at 524-25*; s*ee *also State v. Willet*, No. 12-1628, 2013 WL 3830157, at *1-2 (Iowa Ct. App. July 24, 2013) (concluding records of judgment are "nontestimonial and do not carry with them the right to confront the preparers as witnesses" even "[t]hough the use of the records could be anticipated in a subsequent proceeding, due to our escalating operating-while-intoxicated punishment scheme," because "this is [not] a primary purpose for the creation of the records"); *State v. Redmond*, No. 10-1392, 2011 WL 3115845, at *2-5 (Iowa Ct. App. July 27, 2011) (holding certified copies of records of prior convictions were nontestimonial).

Other jurisdictions considering the admission of fingerprint records have concluded they are nontestimonial and admission of the records without live testimony does not violate the Confrontation Clause. *See United States v. Williams*, 720 F.3d 674, 698-99 (8th Cir. 2013) (holding fingerprint cards "were created as part of a routine booking procedure and not in anticipation of litigation, *i.e.,* 'for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial'"); *United States v. Diaz-Lopez*, 403 F. App'x 199, 202 (9th Cir. 2010) (holding fingerprint card "contains only ministerial, objective observations" and "was not created in anticipation of litigation and is not testimonial"); *United States v. Segundo*, 306 F. App'x 378, 380 (9th Cir. 2009) (concluding the relevant information on the fingerprint card was not testimonial because the fingerprints were "rolled" and "recorded . . . as part of the

administrative process" to "book new detainees"); *United States v. Thornton*, 209 F. App'x 297, 299 (4th Cir. 2006) ("We conclude that the fingerprint cards were not 'testimonial,' and that the admission of such business or public records does not violate the rule in *Crawford.*"); *United States v. Weiland*, 420 F.3d 1062, 1076-77 (9th Cir. 2005) (holding with respect to "the records of conviction and the information contained therein, the fingerprints, and the photograph," that "public records, such as judgments, are not themselves testimonial in nature and that these records do not fall within the prohibition established by the Supreme Court in *Crawford*"); *Hamilton v. Lee*, ___ F. Supp. 3d ___, ___, 2015 WL 1402316, at *3, *8 (E.D.N.Y. 2015) (holding palm print photographs and the notation indicating the detective took the prints from the defendant on the night of a murder "were not directly accusatory and are therefore not 'testimonial' under the confrontation clause" because "[t]hey were made primarily to identify defendant in order to process his arrest, not to create evidence for a trial"); *Colvin v. State*, No. 09-11-00206-CR, 2013 WL 2732050, at *12 (Tex. App. June 12, 2013) (holding fingerprint records were nontestimonial, and not within ambit of the Confrontation Clause). We find these opinions persuasive, especially in combination with our courts' rejection of Confrontation Clause challenges to similar types of records.

Like the records at issue in *Shipley* and *Kennedy*, the fingerprint records admitted in Moore's habitual offender sentencing enhancement proceeding were historical records prepared before his criminal prosecution. Although the fingerprints could not be tied to Moore without expert analysis, the person who conducted the analysis was the person who testified. *Cf. Bullcoming*, 131 S. Ct.

at 2717 (holding report of blood alcohol analysis was testimonial and presence of the preparer of the report rather than a surrogate was required at trial); *Melendez-Diaz*, 129 S. Ct. at 2532 (holding affidavits identifying seized material as cocaine were testimonial and Melendez-Diaz had a right to be confronted with the analysts at trial).

We conclude the fingerprint records admitted during Moore's habitual offender enhancement proceeding were not testimonial. Accordingly, the admission of these records without live testimony from the preparer of the records did not violate the Confrontation Clause of the Sixth Amendment to the United States Constitution.

## II.      *Ineffective-Assistance-of-Counsel Claim*

Moore contends his trial attorney was ineffective in failing to challenge the reliability of the fingerprint expert's testimony. He asserts the expert "provided no principles or methodology by which to determine whether his conclusions could be deemed reliable."

To succeed, Moore must establish the breach of an essential duty and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). While we normally preserve ineffective-assistance-of-counsel claims for postconviction relief to permit development of the record, we find the record in this case adequate to decide the issue. *State v. Bumpus*, 459 N.W.2d 619, 627 (Iowa 1990).

Iowa subscribes to an "expansive" test for admission of expert testimony. *See* Iowa R. Evid. 5.702; *Leaf v. Goodyear Tire & Rubber Co.*, 590 N.W.2d 525, 530 (Iowa 1999). The only requirements for admission are as follows: (1) the

evidence must be relevant, (2) the testimony must be in the form of "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue," and (3) the expert must be "qualified as an expert by knowledge, skill, experience, training, or education." *Leaf*, 590 N.W.2d at 533.

The State easily satisfied these requirements. The fingerprint evidence bore on the fighting issue in the enhancement proceedings: Moore's identity. The testimony was technical and specialized: the expert examined the characteristics of the fingerprints to determine whether they were similar. Finally, the expert was clearly qualified to render an opinion on this topic: he had over twenty-five years of training and experience working with fingerprints. On our de novo review, we conclude counsel did not breach an essential duty in failing to object to the reliability of the expert testimony. *See State v. Galbo*, No. 13-1143, 2014 WL 4230206, at *2-3 (Iowa Ct. App. Aug. 27, 2014) (rejecting ineffective-assistance-of-counsel claim premised on attorney's failure to seek exclusion of fingerprint evidence).

We affirm Moore's judgment and sentence for operating a motor vehicle while intoxicated, third offense as a habitual offender.

**AFFIRMED.**