#27194-a-SLZ

**2016 S.D. 11**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                           Plaintiff and Appellee,

    v.

TROY LEE REINHARDT,                              Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MARK SALTER
Judge

* * * *

MARTY J. JACKLEY
Attorney General

JOHN M. STROHMAN
Assistant Attorney General
Pierre, South Dakota                             Attorneys for plaintiff
                                        and appellee.

KRISTI JONES
Minnehaha County
 Public Advocates Office
Sioux Falls, South Dakota                        Attorneys for defendant
                                        and appellant.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 11, 2016

OPINION FILED **02/03/16**

#27194

ZINTER, Justice

[¶1.] Troy Reinhardt was convicted of simple assault. He appeals the circuit court's refusal to give a definitive ruling, at the close of the State's evidence, on his request for a self-defense jury instruction. Reinhardt also contends that the admission of certified copies of his fingerprint cards from prior arrests in Iowa and Nebraska violated his Sixth Amendment right of confrontation in a subsequent court trial on a habitual criminal information. We affirm.

*Facts and Procedural History*

[¶2.] Reinhardt's assault charge arose out of an incident in which he punched another person while in the lobby of the Minnehaha County Jail. During a two-day jury trial, the State elicited testimony from the victim, eyewitnesses, and jail personnel. After the State rested its case, the court distributed its proposed jury instructions. The court did not include Reinhardt's requested self-defense instruction. The following morning, the court inquired whether Reinhardt was going to testify. Reinhardt's counsel stated that if the court was still not inclined to give a self-defense instruction, Reinhardt would testify. The court indicated the State's evidence was insufficient to support such an instruction. Reinhardt then took the stand and testified that he was defending himself in the incident. He alleged that he punched the victim in response to being pushed. At the conclusion of all the evidence, the court gave the jury a self-defense instruction. The jury returned a guilty verdict.

[¶3.] A court trial was subsequently held on the habitual criminal information. The information alleged that Reinhardt had been convicted of two

-1-

prior assaults: one on August 12, 2003, in Woodbury County, Iowa; and another on September 12, 2008, in Douglas County, Nebraska. During that trial, over Reinhardt's objection, the State introduced certified fingerpint cards it acquired from Iowa and Nebraska agencies that had fingerprints relating to Reinhardt's convictions in those jurisdictions. Marc Toft, of the Sioux Falls Crime Laboratory, testified that he compared the fingerprints on the fingerprint cards with the fingerprints taken from Reinhardt following the assault in South Dakota. Toft opined that all three sets of fingerprints were taken from Reinhardt. The circuit court found that Reinhardt had been convicted of all three offenses, and the court sentenced him as a habitual offender. This appeal followed.

*Decision*

[¶4.]    Reinhardt first argues that the circuit court erred in denying his request for a self-defense instruction at the close of the State's evidence. He alleges prejudice because, without a commitment to give the instruction at that time, he had to testify thereby opening the door to evidence of his prior crimes of dishonesty.

[¶5.]    Reinhardt was not entitled to a determinative ruling on the self-defense instruction at the close of the State's case. "Instructions shall be settled out of the presence of the jury *at the close of the evidence* but prior to final argument." SDCL 23A-25-4 (emphasis added). Reinhardt's authorities do not address this rule. Reinhardt received a self-defense instruction at the close of the evidence, and he was not entitled to settlement of that instruction mid-trial. The circuit court did not err in the manner in which it instructed on self-defense.

[¶6.]       Reinhardt also argues that the admission of the fingerprint cards from Iowa and Nebraska violated the Sixth Amendment's Confrontation Clause. Reinhardt contends he was entitled to confront and cross-examine Iowa and Nebraska officials about the methodology and machinery used to collect the fingerprints. The circuit court ruled that the fingerprint records were non-testimonial, thus not subject to the Confrontation Clause.[1] We agree.

[¶7.]       The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. In *Crawford*, the Supreme Court held that the Sixth Amendment prohibits the introduction of a statement by a non-testifying witness "unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 54, 124 S. Ct. 1354, 1365, 158 L. Ed. 2d 177 (2004). However, the prohibition only applies to testimonial evidence, which "is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* at 51, 124 S. Ct. at 1364.

[¶8.]       Fingerprint cards are not a solemn declaration or affirmation made for the purpose of establishing or proving some fact. They are physical evidence generated primarily as an administrative step in the booking process as standard practice incident to arrest. *See Maryland v. King*, ___ U.S. ___, 133 S. Ct. 1958, 1977, 186 L. Ed. 2d 1 (2013) (describing fingerprinting as a "routine administrative

---

1.    The circuit court admitted the fingerprint cards under SDCL 19-19-803(6), the business records exception to the rule against hearsay.

step incident to arrest[.]")  Thus, fingerprint cards themselves do not serve a prosecutorial function: absent analysis and testimony, a fingerprint card cannot implicate a defendant.  *See id.* at 1972 (analogizing DNA samples and fingerprints, stating "Like a fingerprint, [DNA samples] are not themselves evidence of any particular crime, in the way that a drug test can by itself be evidence of illegal narcotics use.").  Additionally, the fingerprint cards in this case were taken in 2003 and 2008.  They were not taken to prove some fact in this 2013 assault case.  Therefore, like other courts that have considered this question, we conclude that the admission of fingerprint cards does not violate the Confrontation Clause because they are not testimonial.  *See United States v. Williams*, 720 F.3d 674, 699 (8th Cir. 2013) (holding that fingerprint cards are business records and the introduction of the fingerprints into evidence does not violate the Confrontation Clause); *United States v. Dale*, 494 Fed. App'x 317, 318 (4th Cir. 2012) (holding that a fingerprint card is not testimonial and therefore does not implicate the Confrontation Clause); *United States v. Thornton*, 209 Fed. App'x 297, 299 (4th Cir. 2006) (same).[2]

---

2.    We also disagree with Reinhardt's argument that fingerprint cards present the same Confrontation Clause concerns as the forensic analysis at issue in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009), and *Bullcoming v. New Mexico*, ___ U.S. ___, 131 S. Ct. 2705, 180 L. Ed. 2d 610 (2011).  In each of those cases, evidence was analyzed and a conclusion was admitted for prosecution purposes.  *See Bullcoming*, ___U.S. at ___, 131 S. Ct. at 2709 (involving admission of a forensic report determining the defendant's blood alcohol level); *Melendez-Diaz,* 557 U.S. at 308, 129 S. Ct. at 2527 (involving admission of a forensic report determining the chemical composition of a seized substance).  In this case, the Iowa and Nebraska custodians of the fingerprints neither conducted analysis nor drew conclusions from the fingerprints.  They simply provided copies of physical evidence (Reinhardt's fingerprints) they had in their custody.  Furthermore,

(continued . . .)

[¶9.]        Affirmed.

[¶10.]        GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN,

Justices, concur.

_____

(. . . continued)
        the person who conducted analysis of the fingerprints testified and was
        subject to cross-examination at trial.